NOT FOR PUBLICATION                                                        (Doc. Nos. 50, 60, 61)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WARREN PATTERSON and MARGARET PATTERSON, | |
| Plaintiffs, | Civil No. 13-5584 (RBK/JS) |
| v. | **OPINION** |
| A.W. CHESTERTON CO., et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This case arises out of Plaintiff William Patterson's ("Patterson") alleged exposure to asbestos. Currently before the Court are the unopposed motions of Defendant Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") (Doc. No. 50), Defendant Durametallic Corporation ("Durametallic") (Doc. No. 60), and Defendant Union Carbide Corporation ("Union Carbide") (Doc. No. 61) (collectively "Defendants") for summary judgment on all claims asserted against them.[1] For the reasons expressed below, Defendants' motions are granted.

I. BACKGROUND

Plaintiffs allege that Patterson was exposed to dust from asbestos during the course of his employment at New York Shipbuilding and Drydock Company in Camden, NJ, and from

---

[1] Defendant Georgia Pacific Corporation also filed a motion for summary judgment. (Doc. No. 62.) However, thereafter, the parties stipulated to the dismissal of this defendant, and dismissal was so ordered on September 29, 2014. (Doc. No. 66.)

1

working as a drywall finisher through the International Brotherhood of Painters and Allied Trades Local Union No. 1955, from about 1953 to the late 1970's. (Kaiser Gypsum's Statement of Undisputed Material Facts ("KGSMF") ¶ 1-2.) More specifically, Plaintiffs contend that Patterson was exposed to products containing asbestos supplied by Defendants. (Ex. 1 to Union Carbide's Br., Plaintiffs' Answers to Interrogatories, p. 39.) Patterson was not deposed prior to his death, but Preston Brooks ("Brooks"), William Mulligan ("Mulligan"), and Herman Frank ("Frank") were deposed as fact witnesses. Brooks did not identify any of the Defendants during his deposition. (KGSMF ¶ 4; Union Carbide's Statement of Undisputed Material Facts ("UCSMF") ¶ 9; Durametallic's Statement of Undisputed Material Facts ("DSMF") ¶ 7.) As to Mulligan, he testified that, during the relevant time, he worked on the same jobs as Patterson, but they did not work side-by-side. (KGSMF ¶ 6.) He also testified that he did not know what products Patterson used, that he never saw Patterson use any Kaiser Gypsum sheetrock, but that "everybody worked with Kaiser [Gypsum sheetrock]." (KGSMF ¶¶ 7-9; Ex. B to Kaiser Gypsum's Br., Deposition of William Mulligan, 40:2-4.) Mulligan did not identify Durametallic or Union Carbide in his deposition. Frank identified "USG" and "Gold Bond" as joint compound products that may have been used by Patterson, but he did not know for sure, and he did not testify that either product mentioned contained asbestos supplied by Union Carbide. (UCSMF ¶¶ 14-15, 15-16).[2] Frank did not identify either of the other Defendants in his deposition. (Ex. 7 to Union Carbide's Br., Deposition of Herman Frank.)

## II.     DISCUSSION

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[2] Union Carbide's SMF includes two paragraph 15's and two paragraph 16's. Here, the court is referring to both the first and second paragraph 15's, and the second paragraph16.

2

Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

 The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

Even when the motion is unopposed, as it is here, the Court must still determine whether the motion for summary judgment is appropriate.  See Fed. R. Civ. P. 56(e).  The Court must review the unopposed record to determine if the defendant is entitled to judgment as a matter of law, notwithstanding the plaintiff's silence.  See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).

To prevail in an asbestos case, a plaintiff must establish exposure to friable asbestos manufactured or distributed by the defendant, and that such exposure was a proximate cause of the plaintiff's disease.  Sholtis v. American Cyanamid Co., 568 A.2d 1196, 1208 (N.J. Super. Ct. App. Div. 1989).  Moreover, a plaintiff must establish that exposure to a defendant's asbestos was "of sufficient frequency, with a regularity of contact, and with the product in close proximity."  Id. at 1207.  To survive a summary judgment motion, a plaintiff must "produce evidence from which a fact-finder, after assessing the proof of frequency and intensity of plaintiff's contacts with a particular manufacturer's friable asbestos, could reasonably infer toxic exposure."  Id.

The Court finds that Plaintiffs have not produced sufficient evidence specifically identifying Defendants as a manufacturer or distributor of asbestos-containing products that Patterson was exposed to during the alleged time period.  Even if Mulligan's testimony that Kaiser Gypsum was widely used, or Frank's testimony as to USG and Goldbond, did raise an issue of material fact as to whether Patterson was exposed to asbestos manufactured by these Defendants, there is no evidence whatsoever to survive the "frequency, regularity and proximity" test.  See Provini v. Asbestospray Corp., 822 A.2d 627, 629-30 (N.J. Super. Ct. App. Div. 2003) ("In an asbestos case, plaintiff must present prima facie evidence of 'an exposure of sufficient frequency, with a regularity of contact, and with the product in close proximity' in order to hold a defendant strictly liable. . . . The absence of such evidence warrants dismissal on summary judgment.") (citations omitted).  For this reason, the motion for summary judgment has been properly made and supported by Defendants.

## III.   CONCLUSION

For the reasons stated herein, the Court will grant Defendants' motions.  An appropriate

4

order shall issue.



Dated: 12/4/2014                                              s/ Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge